```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
SHUANG YOU WU,                                                   :
                                                                 :
                            Plaintiff,                           :
                                                                 :
              -v-                                                :     23 Civ. 763 (JPC)
                                                                 :
                                                                 :     OPINION AND ORDER
JP MORGAN CHASE BANK, N.A.,                                      :
                                                                 :
                            Defendant.                           :
                                                                 :
-----------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff Shuang You Wu ("Wu") brings this action for breach of contract and negligence alleging that Defendant JP Morgan Chase Bank, N.A. ("Chase") allowed and failed to remedy thirty-three unauthorized withdrawals from her bank account. Pending before the Court is Chase's motion to dismiss Wu's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons that follow, the Court grants the motion in part and denies it in part.

## I. Background

### A. Facts[1]

Wu maintains a bank account at a Chase branch located at 180 Canal Street in Manhattan. Dkt. 1 at 8-12 ("Complaint") ¶ 7. On February 23, 2022 and June 1, 2022, two unauthorized withdrawals were made from that account in the amounts of $10,000 and $2,000, respectively. *Id.*

---

[1] The following facts are drawn from Wu's allegations in the Complaint and are assumed true only for purposes of this Opinion and Order. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

¶¶ 8, 10. After Wu notified Chase of each of these unauthorized withdrawals, Chase reimbursed her for the withdrawn funds. *Id.* ¶¶ 9, 11.

Unfortunately, however, the unauthorized withdrawals from Wu's Chase account continued. From June 6, 2022 through August 31, 2022, thirty-three more unauthorized withdrawals were made from her Chase account. *Id.* ¶¶ 13-31. At times, multiple unauthorized withdrawals occurred on the same day, including five on August 31, 2022 alone. *Id.* ¶ 31. The amounts of the thirty-three withdrawals ranged from $320.49 on August 22, 2022, *id.* ¶ 26, to $13,305.88 on August 11, 2022, *id.* ¶ 22, totaling $84,377.54, *id.* ¶ 32. When Wu notified Chase of these unauthorized withdrawals, however, Chase responded differently than it had earlier in the year. This time, the bank refused to reimburse Wu for the withdrawn funds. *Id.* ¶ 33. This litigation follows.

**B.    Procedural History**

On January 6, 2023, Wu filed suit against Chase in New York State Supreme Court, New York County, to recover her funds. Her Complaint pleads two causes of action: (1) breach of contract particularly as to the implied covenant of good faith and fair dealing, *id.* ¶¶ 34-38, and (2) negligence, *id.* ¶¶ 39-42. For each cause of action, Wu alleges damages of $84,377.54. *Id.* ¶¶ 38, 42. As relief, she seeks damages in at least that amount, as well as interest from the dates of the breaches and her costs and disbursements. *Id.* at 5-6.

On January 30, 2023, Chase removed this case to federal court in this District pursuant to 28 U.S.C. § 1441(a), on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Dkt. 1 at 1-3 ("Notice of Removal").[2] On April 26, 2023, Chase moved to dismiss both causes of action

---

[2] The Notice of Removal states that Wu is a citizen of Puerto Rico, Chase is a citizen of Ohio, and the amount-in-controversy exceeds $75,000. Notice of Removal ¶¶ 7-9, 11.

pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to state a claim upon which relief may be granted. Dkts. 23, 24 ("Motion"), 25-26. Wu filed an opposition brief on May 12, 2023, Dkt. 28 ("Opposition"), and Chase replied on May 18, 2023, Dkt. 29 ("Reply").

## II. Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although the Court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor," *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015), it need not "accept as true legal conclusions couched as factual allegations," *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475-76 (2d Cir. 2009).

## III. Discussion

### A. Breach of Contract

As noted, Wu's first cause of action alleges breach of contract, particularly with respect to the implied covenant of good faith and fair dealing. Complaint ¶¶ 34-38. As alleged in the Complaint, Wu and Chase "entered into an enforceable contract when [Wu] became a customer of [Chase]'s bank." *Id.* ¶ 35. Wu further alleges that "[i]mplicit in this contract is the covenant of good faith and fair dealing," *id.* ¶ 36, and that Chase "breached its duty of good faith and fair dealing when it negligently allowed [Wu]'s account to be stolen from 33 times," *id.* ¶ 37.

Chase argues that Wu's breach of contract claim fails because she does not specify the contract and contractual terms on which that claim is based.  Motion at 5.  While the Complaint does not identify particular contractual language, *see generally* Complaint, Wu points to her allegations regarding the implied covenant of good faith and fair dealing, Opposition at 3-4; *see* Complaint ¶¶ 36-37, explaining that "the implied covenant of good faith and fair dealing is the breached provision of the instant contract," Opposition at 4.  Chase maintains that Wu's allegations regarding the implied covenant are too cursory to survive dismissal.  Motion at 5.

"Under New York law,[3] an action for breach of contract requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *First Invs. Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998) (internal quotation marks omitted).  "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance."  *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 773 N.E.2d 496, 500 (N.Y. 2002) (citations omitted).  The implied "covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."  *Id.* (internal quotation marks omitted); *Dalton v. Educ. Testing Serv.*, 663 N.E.2d 289, 293 (N.Y. 1995) (concluding that the defendant breached its implied obligation of good faith by refusing to consider relevant information and exercise its discretion, which undermined a contractual provision).  "While the duties of good faith and fair dealing do not imply obligations inconsistent with other terms of the contractual relationship, they do encompass any promises which a reasonable person in the position of the promisee would be

---

[3] As noted, Wu originally brought this action in New York Supreme Court and both parties apply New York law in their briefs, so the Court applies New York substantive law to this dispute.  *See Texaco A/S v. Com. Ins. Co.*, 160 F.3d 124, 128 (2d Cir. 1998) ("[W]here the parties have agreed to the application of the forum law, their consent concludes the choice of law inquiry." (quoting *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997))).

justified in understanding were included." *511 W. 232nd Owners Corp.*, 773 N.E.2d at 500-01 (internal quotation marks and citations omitted).  This means that the implied covenant "cannot be construed so broadly as effectively to nullify other express terms of a contract, or to create independent contractual rights." *Fesseha v. TD Waterhouse Inv. Servs.*, 761 N.Y.S.2d 22, 23 (1st Dep't 2003).

Chase's argument for dismissal of Wu's breach of contract claim for not "identify[ing] a specific contractual provision that was allegedly breached," Reply at 2, fails to appreciate the viability of claim for breach of the implied covenant independent of a breach of an express contractual provision.  As Chase itself seems to acknowledge in its reply brief, the implied covenant extends to obligations that, while not expressly provided for in the contract, are consistent with the contract's central purpose.  *See id.* at 4 (asserting that "the implied promise protects either *the contract's central purpose* or a party's right under a specific contractual provision," and "can only impose an *obligation consistent with* other mutually agreed upon terms in the contract" (emphases added) (internal citations omitted)); *accord Spinelli v. Nat'l Football League*, 903 F.3d 185, 205 (2d Cir. 2018) (holding that "the complaint adequately asserts that the agreements, if not expressly, at least implicitly prohibit" a license agreement that yields little value for one of the contracting parties); *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 Civ. 9116 (PGG), 2009 WL 321222, at *5 (S.D.N.Y. Feb. 9, 2009) ("While independent obligations beyond those stated in the contract will not be inferred, a plaintiff adequately states an implied covenant claim by alleging conduct that subverts the contract's purpose without violating its express terms.").  The implied covenant thus does more than duplicate express contractual terms.  In fact, a pleading that relies on the implied covenant to merely mirror claims made under express contract language is vulnerable to dismissal.  *See Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir.

2002) ("New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled."); *accord Theracare of N.Y., Inc. v. 11-20 46th Rd. Owner LLC*, 651 F. Supp. 3d 637, 644 (E.D.N.Y. 2023).

Thus, the implied covenant can operate independent of express contractual terms as a freestanding basis for breach of contract, so long the implied covenant does not nullify express terms of the contract or otherwise create independent contractual rights. *See, e.g., Shamis v. Ambassador Factors Corp.*, No. 95 Civ. 9818 (RWS), 1996 WL 457320, at *6 (S.D.N.Y. Aug. 14, 1996) ("It is entirely possible that Defendants violated the implied covenant of good faith without violating the explicit provisions."). Indeed, where "the allegedly improper conduct did not breach an express contractual provision, that is precisely the circumstance in which a party may maintain a claim for breach of the implied covenant." *Titus v. UMG Recordings, Inc.*, No. 23 Civ. 15 (JLR), 2023 WL 8039622, at *11 (S.D.N.Y. Nov. 20, 2023) (quoting *Sorotzkin v. EmblemHealth Inc.*, No. 22-3194, 2023 WL 7383169, at *2 (2d Cir. Nov. 8, 2023) (summary order)). In *ABN AMRO Bank, N.V. v. MBIA Inc.*, for instance, the New York Court of Appeals held that an implied covenant claim should not have been dismissed where the actions allegedly subverted the contract's purpose, even though that purpose was implicit. 952 N.E.2d 463, 475 (N.Y. 2011); *see also Voss v. Bank of Am., N.A.*, No. 5:15-cv-232 (LEK), 2015 WL 9581832, at *7 (N.D.N.Y. Dec. 30, 2015) (finding that "the Complaint contains multiple allegations of intentional conduct by Defendants that could support a finding of breach of good faith and fair dealing" even where the plaintiff did not allege breach of a specific contractual provision).

Accordingly, pleading express contractual language that a defendant breached is not required for a viable claim for violating the implied covenant of good faith and fair dealing. Thus,

6

Chase's sole basis for dismissal of Wu's breach of contract claim—*i.e.*, that it was insufficiently pleaded by failing to identify an express contractual provision that was violated—fails.

Moreover, the allegations here sufficiently plead a breach of the implied covenant. Because the implied covenant "encompasses any promises that a reasonable promisee would understand to be included," *Spinelli*, 903 F.3d at 205 (internal citation omitted), a reasonable bank customer's expectations set the limits of the implied covenant in this case. *See Cross & Cross Props., Ltd. v. Everett Allied Co.*, 886 F.2d 497, 502 (2d Cir. 1989) (explaining that "[t]he boundaries set by the duty of good faith are generally defined by the parties' intent and reasonable expectations in entering the contract"). It is plausible that a reasonable accountholder in Wu's position would expect her banking institution to safeguard her funds, regardless of the presence of express contractual terms to that effect. Protecting funds is a "central purpose" of opening a bank account. *Somnia, Inc. v. Change Healthcare Tech. Enabled Servs. LLC*, No. 19 Civ. 8983 (PMH), 2021 WL 639529, at *4 (S.D.N.Y. Feb. 16, 2021); *accord Banco Multiple Santa Cruz, S.A. v. Moreno*, 888 F. Supp. 2d 356, 366 (E.D.N.Y. 2012) ("[R]easonable parties entrusting sizeable investments with large financial institutions reasonably expect that the institution will safeguard those investments from fraudulent and unauthorized withdrawals.").

Wu therefore has alleged facts that plausibly plead a breach of the implied covenant and Chase's motion to dismiss is denied as to the first cause of action.

### B. Negligence

Wu's second cause of action alleges negligence on the theory that Chase breached its duty of care when it allowed the unauthorized withdrawals from her account. Complaint ¶ 41. Chase moves to dismiss this cause of action, arguing that it is barred by New York's economic loss doctrine. Motion at 3-4; *see id.* at 4 ("Indeed, a plaintiff-depositor is precluded under New York

law from maintaining a claim for negligence based solely on the debtor-creditor relationship, without evidence of an independent duty being owed to the plaintiff separate and apart from the applicable account agreement." (citation omitted)).[4] Wu agrees and does not oppose dismissal of her negligence claim. Opposition at 2 ("Plaintiff is persuaded that her negligence cause of action is likely barred by the Economic Loss Doctrine and does not oppose defendant's argument."). Because Wu has abandoned her negligence claim, her second cause of action is dismissed. *See, e.g.*, *Harrington Glob. Opportunity Fund, Ltd. v. CIBC World Markets Corp.*, 585 F. Supp. 3d 405, 423 (S.D.N.Y. 2022) ("At the motion to dismiss stage, a plaintiff abandons a claim by failing to respond to defendant's arguments in support of dismissing that claim.").

### IV. Conclusion

Accordingly, Chase's motion to dismiss is granted in part and denied in part. Wu's cause of action for negligence is dismissed, while her cause of action for breach of contract based on the implied covenant of good faith and fair dealing survives dismissal. The parties are ordered to appear for an Initial Pretrial Conference in accordance with Rule 16 of the Federal Rules of Civil Procedure on March 7, 2024, at 2:00 p.m., in Courtroom 12D at Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. The Clerk of Court is respectfully directed to close the motion pending at Docket Number 23.

SO ORDERED.

Dated: February 22, 2024
       New York, New York

JOHN P. CRONAN
United States District Judge

---

[4] While Chase's briefing refers to the principle that Wu must identify a duty separate from its contractual duties as the "economic loss doctrine," Motion at 3-4, the New York Court of Appeals recently clarified that this usage "conflate[s] our 'economic loss' rule [which is a products liability concept] with the prohibition against duplicative contract and tort claims," *IKB Int'l, S.A. v. Wells Fargo Bank, N.A.*, 220 N.E.3d 646, 656 (N.Y. 2023).