UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   File No. 23-cv-00763 (JPC)

Shuang You Wu,

                          Plaintiff,  **STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

        -against-

JPMorgan Chase Bank, N.A.      Defendant.
------------------------------------------------------------X

**WHEREAS**, the parties intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

**WHEREAS**, the parties will only produce these documents if appropriate protection for their confidentiality is assured; and

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for plaintiff and defendants, as follows:

1. As used herein, "Action" shall mean the pending action between plaintiff and defendant captioned

2. "Confidential Materials" shall mean (a) AS WELL AS other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the defendants, plaintiff, or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they relate to the incident(s) underlying the Complaint in the action, are obtained by the parties by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available.

     3. The parties' attorneys shall not use Confidential Materials produced in discovery in this Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

     4. The parties' attorneys shall not disclose the Confidential Materials to any person other than a party to this Action, an attorney of record for that party for this Action, or any member of the staff of that attorney's office for this Action, except under the following conditions:

     a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

   b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the parties' attorneys shall provide each such person with a copy of this Stipulation and Order of Confidentiality, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The parties' attorneys shall retain the signed consent and furnish a copy to adversary counsel upon request at a deposition or immediately before trial, although the name of an expert that the party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

   5. Counsel for the parties may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days of receipt of the transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party's counsel.

   6. If counsel for any party objects to the designation of any Confidential Materials as confidential, such counsel shall state such objection in writing to the designating counsel, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting attorney may request that the Court remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

   7. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

   8. Nothing in this Stipulation shall be construed to limit a producing party's use of their own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a subpoena or FOIL request.

   9. This Stipulation shall be binding upon the parties immediately upon signature and

shall be submitted to the Court for entry as an Order.

10. This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Within 30 days of the final disposition of this action, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof whether in the possession of any party or any other person receiving Confidential Materials pursuant to Paragraph "4" herein, shall be promptly returned to counsel for adversary counsel, or, upon consent of counsel for adversary counsel, destroyed.

11. The Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Stipulation and Order of Confidentiality at any time.

Dated: September 23, 2024

New York, New York

| THE LAW OFFICE OF FRED LICHTMACHER P.C. | SHERMAN ATLAS SYLVESTER STAMELMAN LLP |
|---|---|
| *Attorney for Plaintiff* <br> 116 West 23rd Street, Suite 500 <br> New York, NY 10011 | *Attorneys for Defendant,* <br> *JPMorgan Chase Bank, N.A.* |
| By: /s/ Fred Lichtmacher <br> Fred Lichtmacher | By: /s/ Lauren C. Watson <br> Lauren C. Watson |

Dated: September 25, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge

SO ORDERED, with the further caveat that nothing in this Stipulation and Order excuses the parties from their obligation to comply with section 4 of the Court's Individual Rules and Practices in Civil Cases, which governs redacted and sealed filings. The Clerk of Court is respectfully directed to close Docket Number 53.

EXHIBIT A

    The undersigned hereby acknowledges that (s)he has read the Stipulation and Order of Confidentiality entered in the United States District Court for the Eastern District of New York in the action entitled   and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this Action, and will not further disclose the Confidential Materials except in testimony taken in this Action.

_____ _____

Date Signature

_____

Print Name

_____

Occupation